IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-HC-2214-M

| | | |
|---|---|---|
| JOHN PALFREYMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| C. MCRAE, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on respondent's motion for summary judgment [D.E. 15], and on petitioner's motion to expedite ruling on respondent's motion [D.E. 33]. As explained below, the court denies without prejudice respondent's motion for summary judgment and denies as moot petitioner's motion to expedite.[1]

## BACKGROUND

On November 21, 2024, John Palfreyman ("Palfreyman" or "petitioner"), a federal inmate proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D.E. 1]. On December 17, 2024, Palfreyman filed an amended petition [D.E. 4]. On April 21, 2025, the court reviewed the amended petition under 28 U.S.C. § 2243 and allowed it to proceed [D.E. 8]. On June 11, 2025, respondent filed a motion for summary judgment [D.E. 15–18]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Palfreyman about the motion, the consequences of failing to respond, and the response deadline [D.E. 19]. On July 14, 2025, Palfreyman responded in opposition [D.E. 26]. On August 11, 2025,

---

[1] This matter originally proceeded before United States District Judge Terrence W. Boyle and was reassigned to the undersigned Chief United States District Judge on August 20, 2025.

respondent replied [D.E. 31]. On August 20, 2025, Palfreyman moved to expedite ruling on respondent's motion [D.E. 33].

## DISCUSSION

As an initial matter, Palfreyman's original petition only alleged he was entitled to jail credit. See [D.E. 1] 6. Palfreyman's amended petition alleged he was entitled to jail credit and earned time credits pursuant to the First Step Act and the Second Chance Act. See [D.E. 4] at 6–7. The court allowed the petition to proceed as to both claims in the amended petition, see [D.E. 8] 1, but respondent's motion for summary judgment only addressed Palfreyman's jail credit claim from the original petition. See [D.E. 16] 1–14. Thus, respondent failed to address all claims in the amended petition.

Next, it is unclear whether Palfreyman has now received the relief he sought in his petition. At the time respondent filed its motion for summary judgment, Palfreyman was incarcerated at FCI Butner Medium II, and his projected release date was July 16, 2027. See [D.E. 16] 2, 16. Palfreyman is currently located at the Federal Bureau of Prisons' residential reentry management office in Philadelphia, Pennsylvania, and his current projected release date is August 30, 2026. See BOP Inmate Locator, https://www.bop.gov/inmateloc/ (search by inmate name) (last visited Mar. 25, 2026). Thus, it appears Palfreyman has received some credit since he filed his petition, but the record is incomplete as to what credit Palfreyman received.[2]

---

[2] In his response in opposition to respondent's motion for summary judgment, Palfreyman attached an exhibit demonstrating that the warden at his institution had approved his request for federal time credit despite the provisions under 18 U.S.C. § 3624(g)(1)(D)(i), which prohibits the application of First Step Act credits for an inmate with a medium or high risk assessment score on the Federal Bureau of Prisons' PATTERN risk assessment tool. See [D.E. 26-1] 22. Respondent replied the following: "[T]he Warden of Petitioner's institution has in fact approved Petitioner's request for an exception. Upon information and belief, the Warden's decision is pending further review by the Acting Regional Director for the BOP's Mid-Atlantic Region. Once the Acting Regional Director's position is received, the Warden will make a final decision concerning the request for an exception and Petitioner will be notified of such. Should the Warden's final decision be a grant of the exception, then the issue will be forwarded to the BOP's Central Office for processing, and any accrued FSA credits will be applied in accordance with 28 C.F.R.

2

Under Rule 7(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the court may "direct the parties to expand the record by submitting additional materials relating to the petition." Rules Governing § 2254 Cases, Rule 7(a); see Jeffcoat v. Graziano, No. 9:21-02447-JMC-MHC, 2021 WL 9426625, at *1 n.2 (D.S.C. Sept. 16, 2021) (unpublished) ("The Rules Governing Section 2254 are applicable to habeas actions brought under [Section] 2241."), report and recommendation adopted, 2022 WL 3334613 (D.S.C. Aug. 12, 2022) (unpublished). Accordingly, the court directs respondent to expand the record to address all claims in the amended petition, and to address whether Palfreyman has now received the relief he sought.

In light of the court's directives set forth herein, the court denies without prejudice respondent's motion for summary judgment. Respondent shall have until April 27, 2026, to file one comprehensive motion for summary judgment fully addressing all claims in the amended petition in accordance with the court's directives in this order.

## CONCLUSION

In sum, the court DENIES WITHOUT PREJUDICE respondent's motion for summary judgment [D.E. 15] and DENIES AS MOOT petitioner's motion to expedite ruling on respondent's motion [D.E. 33]. The court DIRECTS respondent to file one comprehensive motion for summary judgment on or before April 27, 2026, fully addressing all claims in the amended petition in accordance with the court's directives in this order.

SO ORDERED this 25th day of March, 2026.

Richard E Myers II
RICHARD E. MYERS II
Chief United States District Judge

---

523.44(c)(2)." [D.E. 31] 2. Thus, Palfreyman may have received First Step Act credits, but it is unclear based on the current record.

3